In the Matter of the Claim of BENEDICT L. MILLER, Respondent, against WORKMEN'S COMPENSATION BOARD, Employer Respondent. STATE INSURANCE FUND, Appellant.— Appeal by the insurance carrier from an award of the Workmen's Compensation Board awarding compensation to claimant for a 22½% schedule loss of use of the right hand. Claimant was and is employed as a workmen's compensation referee. After work on Friday, January 25, 1952, claimant injured his hand while attempting to push his stalled automobile. No one claims that he was then engaged in his employment. He went to a doctor the following morning and his injury was diagnosed as a sprain and his wrist was splinted and strapped to partially immobilize it. An X ray, taken at that time, disclosed no fracture. Claimant drove his car some on Saturday and Sunday and, on Monday morning, drove it to the place where he was to hold hearings in compensation cases. In the process of these hearings he turned numerous papers in his files, necessitating a rotating or twisting motion of his right wrist, and did some writing. In so doing he experienced sharp pain and swelling in the wrist. He continued to suffer pain during his work on Tuesday and Wednesday, and the swelling increased. He returned to his doctor who re-bandaged the wrist, and finally, on Thursday, re-X-rayed it, and a separated fracture was disclosed. The board has found that claimant's work and frequent use of his

wrist in handling and turning papers aggravated the condition caused by his original injury and produced the disability for which the award was made. It is this finding to which appellant objects. Claimant's attending physician testified that, in the light of subsequent events, claimant undoubtedly sustained a hairline or "incomplete" fracture of the wrist in his original accident, and that the movement of his wrist in his work aggravated the condition and brought about a separation of the bones and a "complete" fracture. Apparently because claimant was a compensation referee, the board, on its own motion, referred the case to an impartial specialist, who found substantially the same thing. A third doctor did not disagree except that he thought all of claimant's activities subsequent to the original injury "might" have aggravated the condition. There is ample medical evidence to support the findings of the board that the work superimposed upon an unusual condition caused the claimant's disability. The fact that the work would probably not have caused a disability were it not for the original noncompensable injury is not a bar to an award for the full consequences. The employer takes the employee as he finds him, and, if a pre-existing condition renders the subsequent disability greater, an award for the full disability may be sustained. (*Matter of Ross* v. *Holland-Degenhandt Automotive Parts Co.*, 254 App. Div. 600; *Matter of Van Ooteghem* v. *Sisters of the Good Shepherd*, 249 App. Div. 898.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.